### JONES v INDUST COMM

Ohio Appeals, 1st Dist, Hamilton Co

No. 5764.    Decided March 11, 1940

Rosen & Rosen, Cincinnati, for appellant.

Thomas J. Herbert, Columbus; E. P. Felker, Akron, and E. A. Schott, Cincinnati, for appellee.

### OPINION

By MATTHEWS, J.

The question presented by this appeal is whether the decedent, at the time he received the injury which caused his death was an employee of the board of education of the Cincinnati School District.

The trial court instructed a verdict for the defendant, and entered judgment on that verdict.

The evidence shows that the decedent was at work on the play-ground at the Walnut Hills High School. This work was being done under an arrangement between the board of education and the Federal Emergency Relief Administration, a federal agency created by Act of Congress (15 U. S. C. A. 799, et se.) to give work to persons who needed wages and were not able to find employment. Under its provisions, the Federal Administrator was authorized to assume control of the administration of the relief afforded by the Act in any state, where, in his judgment, more effective co-operation could thereby be affected.

Under the agreement between the administrator and the board, the latter furnished the tools, material, equipment, and site, and the Federal Emergency Relief Administration furnished the labor. It hired the laborers and paid them for their labor. The Federal Emergency Relief Administration supervised the work and had control over the laborers as to the mode and manner of doing the work. The Federal Administrator was authorized to assume this control by the Act of Congress.

A claim was presented first to the Federal Emergency Relief Administration for compensation under the Federal Act, which rejected it on the ground that death had not resulted from an injury received in the course, and arising out, of the employment, as required by that law, in order that it might be compensable.

The claim was then presented to the Industrial Commission of Ohio, which disallowed it on a ground expressed in the same language, although the disallowances were in reality for different reasons. The first allowance was because no injury had occurred during the work and, in the second instance, the disallowance was because the employment was itself not within the provisions of the Ohio Workmen's Compensation Law.

(1) It seems clear that under the provisions of the Ohio Workmen's Compensation Act, the Industrial Commission had no jurisdiction to entertain this claim. The decedent was an employe of the United States Government, over which relation the State of Ohio had no control.

(2) But it is urged that this case comes within the special provisions of §3496-1 et seq GC (116 Ohio Laws 222) entitled "Public Works Relief Compensation."

We find the provisions of that act limited to employees of specified employers. It defines employer to mean the state and the state relief commission, or any other state agency, having supervision or control of work-relief employees as defined in the act either directly or through agencies; each county, city, township, incorporated village and school district.

While the decedent was a work-relief employee, he was not employed by either the state or any of the political subdivisions mentioned. No state agency had control of the decedent in the doing of the work which he was employed to do. He was employed by the United States Government, and, of course, the State of Ohio had no control or supervision over it in the exercise of any of the powers delegated to it, and one of these delegated powers is to tax and spend for the general welfare of the United States. Sec. 8 of Art. I, U. S. Constitution.

For these reasons, the judgment is affirmed.

ROSS, J., concurs.
HAMILTON, PJ., dissents.